DETHOFF v. GATTIE.

(Supreme Court, Special Term, Erie County. March 29, 1907.)

TROVER AND CONVERSION — CONVERSION — CHATTEL MORTGAGES — RIGHTS BETWEEN MORTGAGEES.

    Where chattels mortgaged to defendant had been previously mortgaged to plaintiff, both mortgages being recorded when executed, and on default plaintiff took possession and rented the chattels to the mortgagor. of which defendant had actual notice, defendant became liable to plaintiff for their value by taking possession under a replevin judgment to which plaintiff was not a party and refusing to surrender them to plaintiff.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trover and Conversion, § 43.]

Appeal from Municipal Court of Buffalo.

Action by William Dethoff against William Gattie. From a judgment for plaintiff, defendant appeals. Affirmed.

David Ruslander, for appellant.
Frederick Haller, for respondent.

BROWN, J. George Fix, on the 16th day of March, 1905, executed and delivered to the plaintiff a chattel mortgage on one pool table and other property as security for the payment of the purchase price of the mortgaged property, on which date the mortgage was duly filed. On July 18, 1905, said Fix executed and delivered to the defendant a chattel mortgage on the same property, and on such date the said mortgage was duly filed. On March 16, 1906, George Fix having made default in the payment of plaintiff's mortgage, the plaintiff took possession of the mortgaged property and entered into a written agreement with the said Fix whereby the plaintiff let and rented the said property to Fix for one year at the monthly rent of $5, of which taking possession by plaintiff, letting, and rental the

defendant had actual notice in April, 1906. Thereafter, and in the month of April, 1906, the defendant, under his mortgage, demanded of Fix the possession of the mortgaged property, which was refused, whereupon the defendant replevied the same and prosecuted such replevin action to judgment in his favor against Fix in the Municipal Court, and the possession of the pool table was delivered to the defendant on the process of the Municipal Court issued on the replevin judgment. It is to recover from the defendant the value of the pool table alleged by the plaintiff to have been thus converted by the defendant.

The title to the pool table became vested in the plaintiff, upon default by Fix in meeting the payment of plaintiff's mortgage at its maturity, on March 16, 1906, and the taking possession thereof by the plaintiff under his mortgage. Plaintiff had the sole and exclusive right to the possession and ownership of the table. The only right to the possession of table that the defendant ever had, either before or after March 16, 1906, was to pay off the plaintiff's claim. If the defendant, prior to the time that the plaintiff's title became absolute, had tendered to plaintiff the amount due on his mortgage, undoubtedly defendant would then be entitled to the possession of the property. Plaintiff's superior right to possession could not be defeated by defendant without payment of plaintiff's claim. If there was a dispute as to the amount due plaintiff, another and different remedy should have been pursued than wrongfully taking possession and attempting to defend such wrongful taking by a mere general denial. Defendant, by taking possession thereof from plaintiff's tenant under replevin action judgment, to which action plaintiff was not a party, with knowledge of plaintiff's rights, then and there converted the same, and by refusing to deliver possession to the plaintiff became liable to plaintiff for its value to plaintiff, which was the judgment awarded by the trial court.

Judgment affirmed, with costs.